IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry E. Dobson,<br><br>          Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-17-4475-PHX-SPL<br><br>**ORDER** |

       The Court has before it, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), the Answer from the Respondents (Doc. 17) and the Petitioner's Reply. (Doc. 34) Additionally, the Court is in receipt of the Report and Recommendation of the Magistrate Judge (Doc. 35), Petitioner's Objections (Doc. 36), and Respondent's Response to the Objections. (Doc. 37)

       In the instant Petition, the Petitioner argues Arizona's Rule 32 post-conviction relief remedy is unavailable and inadequate to protect his constitutional rights; 3 trial court violations of his constitutional rights; and that he suffered prejudice because he believed his counsel was incompetent. (Doc. 1 at 5-34)

       A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been thoroughly considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Metcalf. This Court finds the Petition is delinquent by almost a half-decade. Furthermore, the Petitioner has not provided a basis for equitable tolling, statutory tolling or actual innocence to account for the substantial delay in filing. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 35) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 36) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 20th day of February 2019.

*Honorable Steven P. Logan*
United States District Judge